**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAUN JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 09 C 4471** |
| | ) | |
| **v.** | ) | **Judge Harry D. Leinenweber** |
| | ) | |
| **DR. DUNLAP,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Shaun Johnson, a detainee at the Madison County Jail in Madison, Wisconsin, filed

suit, *pro se*, alleging deliberate indifference to his medical needs related to an ankle injury while he

was in the custody of Cook County Jail.  Presently pending before the Court is Defendants' Motion

for Summary Judgment.  For the reasons contained herein, Defendants' Motion for Summary

Judgment is granted.

**I.  LEGAL STANDARD**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact."  Fed. R. Civ. P. 56(c);  *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323

(1986).  All of the evidence and the reasonable inferences that may be drawn from the evidence are

viewed in the light most favorable to the nonmovant.  *Miller v. American Family Mutual Ins.*, 203

F.3d 997, 1003 (7th Cir. 2000).  Summary judgment may be granted when no "reasonable jury could

return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).  However, a party cannot defeat summary judgment by relying on unsubstantiated facts or

by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *see also, Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (strict compliance with the local rules

governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). The court may disregard statements and responses that do not comply with Local Rule 56.1. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005).

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.).

Although given three opportunities to respond the present motion (see briefing schedule of February 2, 2010, and two extensions of time on May 5, 2010 and June 25, 2010) Plaintiff has not responded to Defendants' motion or their proposed statement of material facts. Accordingly, Defendants' proposed statements of material facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B).

## II. <u>FACTS</u>

On May 27, 2009, Plaintiff was admitted to the emergency room at Cermak Hospital with a complaint of pain and swelling of his left ankle from an injury he had sustained while playing basketball. Plaintiff was given crutches, an ice pack, an ace wrap, and Motrin for pain. (Defs.' 56.1(a)(3) Statement ¶ 3.) An x-ray of Plaintiff's ankle taken that same day did not conclusively show a break in the ankle. (*Id.*, ¶ 4.)

On June 4, 2009, Plaintiff was again admitted to the emergency room with a complaint of swelling of his left ankle. Dr. Ali treated Plaintiff in the emergency room. (Defs.' 56.1(a)(3)

Statement ¶ 5.) Dr. Ali ordered an x-ray of the left ankle. The x-ray showed no fractures. (*Id.*, ¶ 7.)

Dr. Ali prescribed Naprosin for pain resulting from the ankle injury. (*Id.*, ¶ 6.) Dr. Ali also

requested a consultation from Dr. James Kapotus, an orthopedic surgeon. Dr. Kapotus examined

Plaintiff that same day. Plaintiff's left ankle was placed in a cast that same day. (*Id.*, ¶ 8.)

On June 12, 2009, another x-ray of Plaintiff's left ankle was taken. This x-ray did not

conclusively show a break in Plaintiff's ankle. (Defs.' 56.1(a)(3) Statement ¶ 9.) On July 9, 2009,

another x-ray was taken of Plaintiff's left ankle. (*Id.*, ¶ 11.) This x-ray revealed no fractures or

bone pathology. (*Id.*, ¶ 11.) On July 10, 2009, the cast was removed from Plaintiff's left ankle.

Beginning in August of 2009, Plaintiff was provided physical therapy for his ankle injury. (*Id.*,

¶ 13.)

Doctor Dunlap does not have an independent memory of treating Plaintiff.

(Defs.' 56.1(a)(3) Statement ¶ 20.) Dr. Dunlap was unable to find any notations in Plaintiff's

medical chart that were made by her. (*Id.*, at ¶ 19.) Plaintiff recalls Dr. Dunlap telling him about

questionable bone density found in his May 27, 2009, x-ray. (*Id.*, ¶ 21.)

### III. ANALYSIS

Pretrial detainees have a right to adequate medical treatment under the Fourteenth

Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Claims of deliberate

indifference to a serious medical need of a pretrial detainee under the Fourteenth Amendment uses

the same standard for deliberate indifference to a serious medical need under the Eighth

Amendment. *See Williams*, 509 F.3d at 401. A claim of deliberate indifference includes both an

objective and subjective element. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002).

As to medical care, "the objective element requires that the inmate's medical need be sufficiently

serious" to implicate the Constitution. *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need is "serious" if has been diagnosed by a physician as mandating treatment or it so

obvious that even a lay person would recognize the necessity of medical treatment. *See Foelker v.*

*Outgamie County*, 394 F.3d 510, 512 (7th Cir. 2005).

The subjective element requires that the prison official act with sufficiently culpable state

of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th

Cir. 2006). The negligent or inadvertent failure to provide adequate medical care is not actionable

under 42 U.S.C. § 1983 because such a failure is not an "unnecessary and wanton infliction of pain"

that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. 97 at 106. Furthermore,

medical negligence is insufficient to demonstrate deliberate indifference. *See Foelker*, 394 F.3d at

513. However, a prisoner does not need to prove that the prison official "intended, hoped for, or

desired the harm that transpired." *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Instead, it is

sufficient if the prisoner demonstrates that the prison official actually knew of a substantial risk of

harm to the prisoner and acted or failed to act in disregard to that risk. *See Walker*, 293 F.3d at

1037. An inmate can demonstrate that a prison official knew of a substantial risk of harm if the fact

of that risk is obvious. *See Walker*, 293 F.3d at 1037. As applied to claims of deliberate

indifference based on a physician's treatment decision, "the decision must be so far afield of

accepted professional standards as to raise the inference that it was not actually based on a medical

judgment." *Norfleet*, 439 F.3d at 396. The court examines the totality of the medical care provided

and isolated incidents of delay do not rise to the level of deliberate indifference. *See Walker v.*

*Peters*, 233 F.3d 494, 501 (7th Cir. 2000); *Gutierrez v. Peters*, 111 F.3d 1364, 1374-75 (7th Cir.

1997).  Furthermore, a difference of opinion among physicians as to the proper treatment is insufficient to support a finding of deliberate indifference.  *See Norfleet*, 439 F.3d at 396.

Defendants concede that Plaintiff's ankle injury was an objectively serious medical condition.

However, Plaintiff has failed to demonstrate that either Defendant acted with deliberate indifference to his medical care as to that injury.  As discussed above, Plaintiff received medical care for his ankle injury multiple times over a short period of time.  The medical care included multiple x-rays, casting the ankle, and physical therapy.  Based on the totality of the medical care provided by the Defendants, a reasonable juror could not find that the Defendants acted with deliberate indifference to Plaintiff's medical needs.

## IV.  CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment is granted.  The Clerk is directed to enter judgment in favor of Defendants pursuant to Fed. R. Civ. P. 56.  The case is terminated.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber
United States District Court Judge

Date:   8/30/2010